**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT SCANLAN, | No. 15-17319 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00282-LJO-JLT |
| v. | |
| TRAN, Officer badge #53054; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and GOULD, Circuit Judges.

Former California state prisoner Robert Scanlan appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). We affirm in part, reverse in part, and remand.

Scanlan alleged that at his arrest and booking, he told defendants that he was suffering from broken teeth sustained in an altercation the day before. Scanlan also alleged that he was in serious pain, that defendants failed to respond, and that one month later a dental x-ray confirmed that Scanlan needed two teeth extracted. Liberally construed, these allegations of defendants' deliberate indifference to Scanlan's serious medical need, stemming from his broken teeth, were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012). Scanlan's allegations as to his other injuries and ailments are not sufficient to state a deliberate indifference claim. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference requires showing of harm "caused by" the alleged indifference).

Accordingly, we reverse the district court's judgment only as to Scanlan's deliberate indifference claim stemming from his broken teeth, and remand for further proceedings as to that claim only.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**